Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GUTIERREZ, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| DISPLATE CORPORATION, | |
| *Defendant*. | |

**Table of Contents**

I.      Introduction............................................................................................................1

II.     Parties. ................................................................................................................3

III.    Jurisdiction and Venue. .........................................................................................3

IV.     Facts.....................................................................................................................4

        A.      Defendant's fake sales and discounts........................................................4

        B.      Defendant's advertisements are unfair, deceptive, and unlawful...............7

        C.      Defendant's advertisements harm consumers. .........................................8

        D.      Plaintiff was misled by Defendant's misrepresentations. .........................9

        E.      Defendant breached its contract.............................................................11

        F.      No adequate remedy at law ....................................................................11

V.      Class Action Allegations. ....................................................................................12

VI.     Claims. ...............................................................................................................13

        First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§
                17500 et. seq...........................................................................................13

        Second Cause of Action: Violation of California's Consumer Legal Remedies Act......................14

        Third Cause of Action: Violation of California's Unfair Competition Law ...................................16

        Fourth Cause of Action: Breach of Contract .........................................................18

        Fifth Cause of Action: Breach of Express Warranty..............................................19

        Sixth Cause of Action: Breach of Implied Warranty ..............................................20

        Seventh Cause of Action: Quasi-Contract/Unjust Enrichment.............................20

        Eighth Cause of Action: Negligent Misrepresentation ..........................................21

        Ninth Cause of Action: Intentional Misrepresentation..........................................22

VII.    Demand For Jury Trial..........................................................................................22

VIII.   Relief...................................................................................................................23

**I.       Introduction.**

1.       Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.       While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.       California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

4.       Likewise, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

5.       In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

6.       So, as numerous courts have found, fake sales violate these laws.  They also violate California's general prohibition on unlawful, unfair, and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

7.       Defendant Displate Corporation ("Displate" or "Defendant") makes, sells, and markets Displate posters ("Displate Products" or "Products").  The Products are sold online through Defendant's website, www.displate.com.

Class Action Complaint                              1

8.     Defendant's website prominently advertises purportedly time-limited, sitewide sales for the Products.  These advertisements include purported regular prices and purported discounts.  For example:



9.     In addition, Defendant advertises purported discounts off regular prices.  These advertisements include a purported discount price alongside a strike-out of a purported regular price:



10.     But these advertisements are false.  Defendant repeatedly offers sitewide discounts off of the purported regular prices.  The sales are not limited in time; instead, they repeatedly reset and continue to be available (albeit, in certain cases, with a different name).

11.     Mr. Gutierrez bought Products from Defendant online on www.displate.com.  Like Defendant's other customers, when Plaintiff bought the Products, Defendant advertised that a purported sale was going on, and that the Products were heavily discounted.  Plaintiff believed that the Products that he purchased usually retailed for the displayed regular price.  He further believed that he was getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused him to buy from Defendant.  If he had known that the Products he purchased were not on sale, he would not have bought them.

12.     But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  The sale Defendant advertised was not really a time-limited sale.  Had Defendant been truthful, Plaintiff and other consumers would not have purchased the Products or would have paid less for them.

13.     Plaintiff brings this case for himself and the other customers who purchased Displate Products.

## II.     Parties.

14.     Plaintiff Daniel Gutierrez is domiciled in Bakersfield, California.

15.     The proposed class includes citizens of every state.

16.     Defendant Displate Corporation is a Delaware company.  Upon information and belief, Defendant's U.S. headquarters is in Austin, Texas.

## III.     Jurisdiction and Venue.

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

18.     This Court has personal jurisdiction over Defendant.  Defendant does business in California.  It advertises and sells its Products in California, and serves a market for its Products in California.  Due to Defendant's actions, its Products have been marketed and sold to consumers in

California, and harmed consumers in California.  Plaintiff's claims arise out of Defendant's contacts with this forum.  Due to Defendant's actions, Plaintiff purchased Defendant's Products in California, and was harmed in California.

19.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state. Defendant advertises and sells its Products to customers in this District, serves a market for its Products in this District, and Plaintiff's claims arise out of Defendant's contacts in this forum.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here.

## IV.     Facts.

### A.     Defendant's fake sales and discounts.

20.     Defendant makes, sells, and markets Displate posters.  Defendant sells its Products directly to consumers online, through its website, www.displate.com.

21.     Defendant's website creates an illusion that customers are receiving a limited-time discount.  Defendant does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example, Defendant advertises purportedly time-limited sales that end on a certain date, where consumers can receive "19% OFF" all posters:



Captured July 5, 2022

22.     But Displate Products are repeatedly on "sale."  For example, Defendant has prominently displayed, for over a year, a sale on all posters on its website.  These sales are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain because they are buying while the sale is going on.  Example screen captures showing sales at various points throughout 2022 and 2023 are shown on the following page:

Class Action Complaint                             4

1

2

3

4

5



Captured September 26, 2022

Captured December 25, 2022

Captured March 17, 2023

Captured May 16, 2023

23.     These discounts appear to be only for a limited time, but in reality, they are ongoing.  For

example, as depicted on the following page, as soon as the "25% OFF on all Displates" discount ended

on April 3, 2023 ("Today" in screenshot), Defendant generated another sitewide sale with a similar

discount, except with a new end date of April 4, 2023 ("Today" in screenshot):

27

28

Class Action Complaint                5



Captured April 3, 2023

Captured April 4, 2023

24.     In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

25.     For example, on March 22, 2023, Defendant advertised a "Get 15% OFF on all Displate metal posters" discount and claimed this sale "Ends: Thursday" (March 23, 2023).  On this day, Defendant offered its Medium Sized Milky Way Map Displate poster, which has a purported regular price of $44:



26.     But the truth is, the Medium Sized Milky Way Map Displate poster's listed regular price of $44 is not its prevailing price.  Instead, it is repeatedly found at a discount from the purported regular price (e.g., on May 31, 2023, it was once again on sale for $33 (15% off) with a purported regular price of $44).

27.     By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.     Defendant's advertisements are unfair, deceptive, and unlawful.**

28.     California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

29.     In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

30.     In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

31.     And finally, California's Unfair Competition Law bans unlawful, unfair, and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

32.     Here, as described in detail above, Defendant made untrue and misleading statements about its prices.  Defendant advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.  In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods having certain former prices and/or market values without the intent to sell goods having those former prices and/or market values.  Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including false statements regarding the reasons for its sitewide sales (e.g., advertising an "XMAS sale," when in fact the sale is ongoing), the existence of sitewide sales, and the amounts of price reductions resulting from those sales. And Defendant engaged in unlawful, unfair, and deceptive business practices.

**C.    Defendant's advertisements harm consumers.**

33.     Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are former prices at which Defendant actually sells its Products, and are the prevailing prices for the Products.

34.     Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price.

35.     In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

36.     Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[1]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

37.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[3]

38.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.     Plaintiff was misled by Defendant's misrepresentations.**

39.     Mr. Gutierrez made purchases from Defendant online.

40.     On July 15, 2020, Mr. Gutierrez purchased a Displate poster from Defendant online.  He purchased the Product from Defendant's website, www.displate.com, while living in Bakersfield, California.  The website represented that the Product had a regular price, but was on sale for a discounted price of $44.00.  Mr. Gutierrez's order details represented that Mr. Gutierrez's discounted price was $44.00.  When Mr. Gutierrez made the purchase, he read and relied on the representations on the website that the Product had the published regular price and that this was its market value, and that

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

he was receiving the advertised discount as compared to the regular price.  He also relied on the representations that the sale was limited in time, and would end soon.  He would not have made the purchase if he had known that the Product was not discounted as advertised, and that he was not receiving the advertised discount.

41.     On November 9, 2020, Mr. Gutierrez purchased five Displate posters from Defendant online.  The website represented that the Products each had a regular price, but were on sale for a total discounted price of $140.80 plus tax.  Mr. Gutierrez's order details represented that Mr. Gutierrez's total discounted price was $140.80 plus tax.  When Mr. Gutierrez made the purchase, he read and relied on the representations on the website that the Products had the published regular price and that this was their market value, and that he was receiving the advertised discount as compared to the regular price.  He also relied on the representations that the sale was limited in time, and would end soon.  He would not have made the purchase if he had known that the Products were not discounted as advertised, and that he was not receiving the advertised discount.

42.     On January 31, 2021, Mr. Gutierrez purchased a Displate poster from Defendant online.  The website represented that the Product had a regular price, but was on sale for a discounted price of $34.32 plus tax.  Mr. Gutierrez's order details represented that Mr. Gutierrez's discounted price was $34.32 plus tax.  When Mr. Gutierrez made the purchase, he read and relied on the representations on the website that the Product had the published regular price and that this was its market value, and that he was receiving the advertised discount as compared to the regular price.  He also relied on the representations that the sale was limited in time, and would end soon.  He would not have made the purchase if he had known that the Product was not discounted as advertised, and that he was not receiving the advertised discount.

43.     Mr. Gutierrez faces an imminent threat of future harm.  Mr. Gutierrez would purchase Displate Products again if he could feel sure that Defendant would not illegally deceive him.  But without an injunction, he cannot trust that Defendant will comply with the consumer protection statutes.  Accordingly, Mr. Gutierrez is unable to rely on Defendant's advertising in the future, and so cannot purchase the Products he would like to.

**E.     Defendant breached its contract.**

44.     When Mr. Gutierrez purchased and paid for the Products that he bought as described above, he accepted offers that Defendant made, and thus, a contract was formed each time that he made purchases.  Each offer was to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price advertised on the website.

45.     Each time that Mr. Gutierrez made a purchase from Defendant, Mr. Gutierrez and Defendant entered a contract.

46.     The regular price and market value of the Products that Mr. Gutierrez would receive, and the amount of the discount that he would be provided off the regular price of the items, were specific and material terms of the contracts.

47.     Mr. Gutierrez performed his obligations under the contracts by providing Defendant with the discounted prices.

48.     Defendant breached its contract by failing to provide Mr. Gutierrez with Products with a market value equal to the regular price displayed on its website, and by failing to provide the discounts promised.

**F.     No adequate remedy at law.**

49.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

50.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, Plaintiff's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past 90 days.  Cal. Bus. & Prof. Code § 17501.  Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of their legal claims.  As a second example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages.  No such requirements exist to obtain restitution.  Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

51.     In addition, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class Action Allegations.**

52.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Displate Products advertised at a discount on Defendant's website.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Displate Products advertised at a discount on Defendant's website.

53.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity & Ascertainability*

54.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

55.     Class members can be identified through Defendant's sales records and public notice.

*Predominance of Common Questions*

56.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

Class Action Complaint                          12

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### Typicality & Adequacy

57.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased Displate Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiff and the class.

### Superiority

58.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.     Claims.**

**First Cause of Action:**

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.**

**(By Plaintiff and the California Subclass)**

59.     Plaintiff incorporates each and every factual allegation set forth above.

60.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

61.     Defendant has violated Sections 17500 and 17501 of the Business and Professions Code.

62.     As alleged more fully above, Defendant advertises former prices on its website along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., ~~$44~~) and displaying it next to the discount price.

63.     The prices advertised as former prices by Defendant were not the true former prices of the Products.  Accordingly, Defendant's statements about the former prices of its Products were untrue and misleading.

64.     In addition, Defendant's former price advertisements did not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements did not indicate whether or when the purported former prices were offered at all.

65.     As a result, Defendant violated, and continues to violate, Sections 17500 and 17501 to induce Plaintiff and the subclass to make purchases on its website based on the advertised former prices.

66.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Defendant's Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

67.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

68.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

69.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Displate Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

<u>**Second Cause of Action:**</u>

**Violation of California's Consumer Legal Remedies Act**

**(By Plaintiff and the California Subclass)**

70.     Plaintiff incorporates each and every factual allegation set forth above.

71.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

72.     Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

73.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

74. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

75. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

76. Defendant violated, and continues to violate, Section 1770(a) of the California Civil Code.

77. Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its website have characteristics or benefits that they do not have.  Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

78. Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

79. And Defendant violated, and continues to violate section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available, and (4) misrepresenting the reason for the sale (e.g., "XMAS Sale," when in fact the sale is ongoing and not limited to Christmas).

80. Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

81. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

82.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

83.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

84.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Displate Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

85.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Mr. Gutierrez, on behalf of himself and all other members of the subclass, seeks injunctive relief.

86.     CLRA § 1782 NOTICE.  On May 26, 2023, a CLRA demand letter was sent to Defendant's Texas office, and to Defendant's Delaware office and registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  Defendant does not have a California headquarters.  If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

87.     A CLRA venue declaration is attached.

### Third Cause of Action:

### Violation of California's Unfair Competition Law

### (By Plaintiff and the California Subclass)

88.     Plaintiff incorporates each and every factual allegation set forth above.

89.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

90.     Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

### The Unlawful Prong

91.     Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.  In addition, Defendant engaged in unlawful conduct by violating the FTCA.  The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements.  15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a).  As the FTC's regulations make clear, Defendant's false pricing schemes violate the FTCA.  16 C.F.R. § 233.1, § 233.2.

### The Deceptive Prong

92.     As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

93.     Defendant's representations were misleading to Plaintiff and other reasonable consumers.

94.     Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

### The Unfair Prong

95.     As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

96.     Defendant violated established public policy by violating the CLRA, the FAL, and the FTCA, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

97.     The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

98.     Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

99.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

100.     For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Displate Products.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

101.     In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Displate Products.

102.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

103.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Displate Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products were sold at the regular price and not at a discount.

### Fourth Cause of Action:

### Breach of Contract

### (By Plaintiff and the Nationwide Class)

104.     Plaintiff incorporates each and every factual allegation set forth above.

105.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

106.     Plaintiff and class members entered into contracts with Defendant when they placed orders to purchase Products on Defendant's website.

107.     The contracts provided that Plaintiff and class members would pay Defendant for the Products ordered.

108.     The contracts further required that Defendant provides Plaintiff and class members with Products that have a former price, and a market value, equal to the regular price displayed on the

website.  They also required that Defendant provides Plaintiff and the class members with the discount advertised on the website.  These were specific and material terms of the contract.

109.    The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.

110.    Plaintiff and class members paid Defendant for the Products they ordered, and satisfied all other conditions of their contracts.

111.    Defendant breached the contracts with Plaintiff and class members by failing to provide Products that had a prevailing market value equal to the regular price displayed on its website, and by failing to provide the promised discounts.  Defendant did not provide the discounts that Defendant had promised.

112.    As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

**Fifth Cause of Action:**

**Breach of Express Warranty**

**(By Plaintiff and the Nationwide Class)**

113.    Plaintiff incorporates each and every factual allegation set forth above.

114.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

115.    Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of Displate Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website.  This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

116.    This warranty was part of the basis of the bargain and Plaintiff and members of the class relied on this warranty.

117.    In fact, the Products' stated market value was not the prevailing market value.  Thus, the warranty was breached.

118. Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on May 26, 2023.

119. Plaintiff and the class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Displate Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

**Sixth Cause of Action:**

**Breach of Implied Warranty**

**(By Plaintiff and the California Subclass)**

120. Plaintiff incorporates each and every factual allegation set forth above.

121. Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

122. As described in greater detail above, Defendant impliedly warranted that Displate Products had a market value equal to the regular price displayed on Defendant's website.

123. This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

124. In fact, the Products did not have a market value equal to the regular price displayed. Thus, the warranty was breached.

125. Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on May 26, 2023.

126. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Displate Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

**Seventh Cause of Action:**

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiff and the Nationwide Class)**

127. Plaintiff incorporates each and every factual allegation set forth above.

128.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of himself and the California Subclass.

129.     As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase Displate Products and to pay a price premium for these Products.

130.     In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

131.     Plaintiff and the class seek restitution.

### Eighth Cause of Action:

### Negligent Misrepresentation

### (By Plaintiff and the California Subclass)

132.     Plaintiff incorporates each and every factual allegation set forth above.

133.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

134.     As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

135.     These representations were false.

136.     When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

137.     Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

138.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

139.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

140.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Displate Products if they had known that the

Class Action Complaint                              21

representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

### Ninth Cause of Action:

### Intentional Misrepresentation

### (By Plaintiff and the California Subclass)

141.    Plaintiff incorporates each and every factual allegation set forth above.

142.    Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

143.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

144.    These representations were false.

145.    When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

146.    Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

147.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

148.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

149.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Displate Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

### VII.    Demand For Jury Trial.

150.    Plaintiff demands the right to a jury trial on all claims so triable.

## VIII.   Relief.

151.   Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class;

- Damages, treble damages, and punitive damages where applicable;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

Dated: June 6, 2023

Respectfully submitted,
By: _/s/ Christin Cho_

Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*