1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joshua Briones (SBN 205293)
jbriones@mintz.com
Arameh Zargham O'Boyle (SBN 239495)
azoboyle@mintz.com
Grecia A. Rivas (SBN 333971)
garivas@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  (310) 586-3200
Facsimile:  (310) 586-3202

Attorneys for Defendant
DISPLATE CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL GUTIERREZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DISPLATE CORPORATION,

Defendant.

Case No. 1:23-cv-00861-ADA-BAM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS**

Case Assigned to Honorable Ana de Alba

Date:            October 16, 2023
Time:            1:30 p.m.
Complaint Filed: June 6, 2023
Trial Date:      None

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ......................................... 2

    A.   Defendant ................................................................................................. 2

    B.   Plaintiff's Alleged Purchases ................................................................... 2

    C.   Plaintiff's Claims ..................................................................................... 3

III.  LEGAL STANDARD ............................................................................................. 4

    A.   Rule 12(b)(6) ........................................................................................... 4

    B.   Rule 12(b)(1) ........................................................................................... 4

    C.   Rule 12(f) and Rule 23 ............................................................................ 5

IV.   ARGUMENT ...................................................................................................... 5

    A.   The First Cause of Action, Alleging Violation of California's False Advertising Law, Should be Dismissed Because the Complaint Does Not Allege any "Former Price" Advertising and Plaintiff Misconstrues and Misapplies "Prevailing Market Price" Language. ......................................... 5

    B.   The Complaint Does Not State FAL, CLRA, or UCL, or Misrepresentation Claims. ..................................................................................................... 7

        1.   The Complaint Does Not Plead Facts Establishing That The Products Plaintiff Purchased Were "Never" Offered At The "Prevailing Market Price." ................................................................................................ 8

        2.   Plaintiff's Negligent And Intentional Misrepresentation Claims Are Barred By The Economic Loss Doctrine. .................................................. 13

    C.   The Complaint Does Not State Claims for Breach of Contract, Breach of Express Warranty, or Breach of Implied Warranty and Plaintiff Failed to Provide Adequate Notice of Alleged Breach. ........................................... 13

    D.   The Complaint Does Not State A Claim For Unjust Enrichment and Plaintiff Cannot Maintain a Quasi-Contract Claim Because a Valid Contracts Exist. ........... 15

    E.   The CLRA Claim For Damages Must Be Dismissed ............................... 17

    F.   Plaintiff's Claims for Equitable Relief Should be Dismissed Because Plaintiff Has an Adequate Remedy at Law. ........................................................... 17

    G.   The Court Should Strike The Class Allegations Or, Alternatively Dismiss All Non-California Claims. ............................................................................ 18

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

1    The Court Should Strike Plaintiff's Class Allegations ................................. 18

2    The Court Should Dismiss All Class Claims Premised on Laws of
     Other States. ........................................................................... 19

H.   Plaintiff Lacks Standing to Seek Injunctive Relief. ................................... 20

V.   CONCLUSION ........................................................................... 20

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aellis O. v. Connor*,
No. 22-cv-200 JLS (WVG),
2022 WL 2229421 (S.D. Cal. June 21, 2022).........................................................................15

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011) ...............................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................4, 11

*Barrett v. Apple Inc.*,
523 F. Supp. 3d 1132 (N.D. Cal. 2021) ...............................................................................18

*Barrett v. Optimum Nutrition, Inc.*,
No. CV-21-4398-DMG (SKx)
2022 WL 18401338 (C.D. Cal. Dec. 13, 2022) ...................................................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................................4

*Bly–Magee v. Cal.*,
236 F.3d 1014 (9th Cir. 2001) ................................................................................................7

*Bostick v. Gen. Motors, LLC*,
No. 5:19-cv-02451-VAP-SPx,
2020 WL 13283478 (C.D. Cal. July 22, 2020) ....................................................................17

*Carvalho v. HP, Inc.*,
No. 21-cv-08015-BLF,
2022 WL 2290595 (N.D. Cal. June 24, 2022) ..........................................................5, 6, 9, 11

*Cimoli v. Alacer Corp.*,
546 F. Supp. 3d 897 (N.D. Cal. 2021) .................................................................................15

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
65 F. Supp. 3d 840 (N.D. Cal. 2014) ...................................................................................10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
856 F.3d 605 (9th Cir. 2017) ...............................................................................................10

*Clevenger v. Welch Foods Inc.*,
No. SACV 20-01859-CJC (JDEx),
2022 WL 18228288 (C.D. Cal. Dec. 14, 2022) ...................................................................18

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ..................................................................4

*Cordes v. Boulder Brands USA, Inc.*,
    No. CV 18-6534 PSG (JCx),
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)..........................................20

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956, 970 (9th Cir. 2018) ..........................................................20

*Demarest v. U.S.*,
    718 F.2d 964 (9th Cir. 1983) ....................................................................4

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) ....................................................14

*Edelman v. Bank of Am. Corp.*,
    No. SACV0900309CJCMLGX,
    2009 WL 10673582 (C.D. Cal. July 8, 2009)..........................................13

*Eur. Travel Agency Corp. v. Allstate Ins. Co.*,
    No. 22-cv-01141-DSF,
    2022 WL 4243955 (C.D. Cal. Sept. 12, 2022) ........................................16

*Evans v. DSW, Inc.*,
    2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) ........................................14

*Fisher v. Eddie Bauer LLC*,
    2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) ............................................9

*Gen. Tele. Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982).................................................................................5

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) ................................................................17

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ..................................................................4

*In re iPhone 4S Consumer Litig.*,
    No. C 12-1127 CW,
    2013 WL 3829653 (N.D. Cal. July 23, 2013)..........................................15

*Jones v. Micron Tech. Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) ....................................................20

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..................................................................8

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*Klein v. Chevron U.S.A., Inc.*,
   202 Cal. App. 4th 1342 (2012) ...............................................................................16

*LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*,
   No. 18-CV-02573-YGR,
   2019 WL 160335 (N.D. Cal. Jan. 10, 2019) ...........................................................10

*Lisner v. Sparc Grp. LLC*,
   No. 2:21-CV-05713-AB (GJSx),
   2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ......................................................9, 12

*Lyons v. Bank of Am., NA*,
   No. C 11-1232 CW,
   2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ......................................................18, 19

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) .......................................................................................9

*Mullins v. Premier Nutrition Corp.*,
   No. 13-cv-01271-RS,
   2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .............................................................17

*Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc.*,
   629 F. Supp. 2d 1135 (E.D. Cal. 2009)......................................................................13

*Nguyen v. Stephens Inst.*,
   529 F. Supp. 3d 1047 (N.D. Cal. 2021) ....................................................................16

*Opperman v. Path, Inc.*,
   84 F. Supp. 3d 962 (N.D. Cal. 2015).........................................................................7

*People v. Sup. Ct. (J.C. Penney Corp.)*,
   34 Cal. App. 5th 376 (2019) .....................................................................................12

*Polaris Indus. Inc. v. Albright*,
   No. 22-987, 2023 WL 3937623 (U.S. Sup. Ct. June 12, 2023) ..........................17, 18

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) .............................................................................................13

*Romero v. Tropicale Foods, LLC*,
   No. EDCV 21-1165 JCB (SHKx),
   2021 WL 6751908 (C.D. Cal. Dec. 22, 2021) ..........................................................15

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................5, 19

*Saroya v. Univ. of the Pac.*,
   503 F. Supp. 3d 986 (N.D. Cal. 2020) ......................................................................16

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*Schertzer v. Samsonite Co. Stores, LLC*,
  No. 19-CV-639 JLS (MSB),
  2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ....................................................................6

*Seegert v. Luxottica Retail N. Am., Inc.*,
  No. 17cv1372 JM(BLM),
  2018 WL 3472561 (S.D. Cal. July 19, 2018) .............................................................10, 12

*Shuman v. SquareTrade Inc.*,
  No. 20-cv-02725-JCS,
  2021 WL 5113182 (N.D. Cal. Nov. 3, 2021) ................................................................15

*Smith v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
  No. 21-CV-09390-JST,
  --- F. Supp. 3d ---, 2023 WL 2768453 (N.D. Cal. Mar. 9, 2023) .......................................7, 16

*So v. HP, Inc.*,
  No. 22-CV-02327-BLF,
  2022 WL 16925965 (N.D. Cal. Nov. 14, 2022) ................................................................20

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...............................................................................17, 18,

*Sperling v. DSW Inc.*,
  No. EDCV 15-1366-JGB,
  2015 WL 13309476 (C.D. Cal. Nov. 19, 2015).............................................................4, 11

*Sperling v. Stein Mart, Inc.*,
  291 F. Supp. 3d 1076 (C.D. Cal. 2018) .......................................................................8

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
  83 F. Supp. 3d 855 (N.D. Cal. 2015) .........................................................................15

*Vavak v. Abbott Lab'ys, Inc.*,
  No. SACV 10-1995 JVS RZX,
  2011 WL 10550065 (C.D. Cal. June 17, 2011) ................................................................13

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...........................................................................7, 10, 11

*Wang v. OCZ Tech. Grp., Inc.*,
  276 F.R.D. 618 (N.D. Cal. 2011).............................................................................7, 16

*Ward v. Cnty. of Mendocino*,
  No. 17-CV-0911-PJH,
  2017 WL 3007063 (N.D. Cal. July 14, 2017).....................................................................11

*Watkins v. MGA Entm't, Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................................................154

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
   No. 20-CV-04048-SVK,
   2020 WL 13578444 (N.D. Cal. Nov. 17, 2020) ........................................................17

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ...................................................................................4

*Zuehlsdorf v. FCA US LLC*,
   No. EDCV 18-1877 JGB (KKx),
   2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) ........................................................17

**Statutes**

Cal. Bus. & Prof. Code § 17500 ...............................................................1, 3, 6, 7, 12

Cal. Bus. & Prof. Code § 17501 ...............................................................1, 3, 5, 6, 12

Cal. Civ. Code § 1782......................................................................................................17

Cal. Com. Code § 2607....................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 23(c) ........................................................................................................5

Fed. R. Civ. P. 9(b) ............................................................................................... *passim*

Fed. R. Civ. P. 12(b) ...........................................................................................4, 8, 20

Fed. R. Civ. P. 12(f) .........................................................................................................5

30 Ops. Cal. Atty. Gen. 127 (1957) ..............................................................................12

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

# I.      INTRODUCTION

At its core, Plaintiff's Class Action Complaint accuses Defendant Displate[1] of advertising false former prices on its website. Plaintiff's case against Defendant rests on the false premise that Defendant never sold its products at the advertised prices and that these prices do not reflect the items' true "prevailing market prices." But the truth is simple: Defendant's website only showcases *current prices*, not former prices. Customers pay the current full price for the items unless they choose to use a discount code or coupon to obtain a lower price. Consequently, the requirements of Cal. Bus. & Prof. Code § 17501 are not applicable as they pertain to former prices. Plaintiff's reliance on Section 17501 is merely a feeble attempt to sidestep his responsibility to articulate and demonstrate a "reasonable consumer" perspective. Given that the purported breach of Cal. Bus. & Prof. Code § 17500 is rooted in this same flawed rationale, that claim is equally untenable.

The Complaint's broad fraudulent pricing accusations against Defendant also lack merit due to the Complaint's failure to provide the essential factual foundation needed to substantiate these claims. For instance, when talking about products that might be sold by companies other than Defendant, the Complaint does not provide any information on what these other companies charge for those products. This information is critical to support Plaintiff's claims. Plaintiff provides no facts to support the notion that the products highlighted in the Complaint were "never" accessible at the advertised, non-discounted prices or that these prices misrepresent the items' "prevailing market prices" or "market value." In fact, the Complaint neither illustrates any comprehensive examination into the products the Plaintiff acquired nor delves into a pricing analysis of comparable items in the marketplace to credibly suggest potential "prevailing market prices" or "market values." This oversight alone renders the Complaint ineffectual in advancing a claim against Defendant.

Indeed, the Complaint does not provide sufficient evidence to substantiate any of its claims, including its warranty, contract, and unjust enrichment claims. Instead, the Complaint overly depends on recurring, yet uncorroborated, statements about Defendant's pricing. Moreover, given Plaintiff's non-compliance with California's Consumer Legal Remedies Act ("CLRA") prefiling

---

[1] Displate is erroneously named as a defendant in this case. The correct entity is GWD Concept sp. z o.o.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

requirements, the Complaint does not present a legitimate claim for CLRA damages. Additionally, the class definition in the Complaint is excessively broad, potentially encompassing consumers Plaintiff cannot reasonably argue have faced any harm. Finally, Plaintiff's rudimentary effort to advocate for a nationwide class is unsupportable. For all these reasons, Plaintiff fails to convincingly articulate any valid claims and Defendant's Motion to Dismiss should be granted.

## II.   RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

### A.   Defendant

The Complaint alleges that Defendant's website prominently advertises purportedly time-limited, site-wide sales for its posters. Dkt. 1, ¶¶ 7-8. The Complaint also alleges that Defendant advertises purported discounts off regular prices but that these advertisements are false. *Id.* ¶¶ 9-10. Plaintiff claims he purchased products from Defendant's website, believing that the products that he purchased usually retailed for the displayed regular price. *Id.* ¶ 11. He alleges that he believed he was getting a substantial discount from the regular price and that the advertised sale would end soon. *Id.* This belief, he asserts, caused him to buy from Defendant, but that he would not have purchased the products "[i]f he had known that the Products he purchased were not on sale." *Id.* Plaintiff alleges that the sale Defendant advertised was not really a time-limited sale and that if Plaintiff and other consumers had known this, they would not have purchased the products or would have paid less for them. *Id.* ¶ 12.

### B.   Plaintiff's Alleged Purchases

The Complaint alleges that "Defendant's website creates an illusion that customers are receiving a limited-time discount" by "advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices" when in reality "Displate Products are repeatedly on 'sale.'" *Id.* ¶¶ 21-22. Plaintiff claims Defendant's "sales are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain because they are buying while the sale is going on." *Id.* ¶ 22. Plaintiff further alleges that because these discounts are "ongoing," "Defendant misleads consumers into believing that they are getting a good deal." *Id.*

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

1   ¶¶ 23-27.[2]

2        Plaintiff claims to have purchased products from Defendant's website on multiple

3   occasions. Dkt. 1, ¶¶ 40-42. In each of these instances, Plaintiff alleges that:

4        [H] read and relied on the representations on the website that the Product had the
         published regular price and that this was its market value, and that he was receiving
5        the advertised discount as compared to the regular price. He also relied on the
         representations that the sale was limited in time, and would end soon. He would not
6        have made the purchase if he had known that the Product was not discounted as
         advertised, and that he was not receiving the advertised discount.
7

8   *Id.* at ¶ 40-42.[3] Plaintiff also claims that Defendant's website advertised a variety of discount codes

9   ranging from 15% - 25% off on the following dates: July 5, 2022; September 26, 2022; December

10  25, 2022; March 17, 2023; May 16, 2023; April 3, 2023; April 4, 2023; March 23, 2023; and May

11  31, 2023.[4] Dkt. 1, ¶¶ 21-26.

12       **C.    Plaintiff's Claims**

13       The Complaint asserts several claims arising from Plaintiff's false advertising allegations.

14  Dkt. 1. Plaintiff asserts consumer protection claims on behalf of a nationwide class and a California

15  subclass: (1) violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 & 17501

16  *et seq.* ("FAL"); (2) violation of California's Consumer Legal Remedies Act; (3) violation of

17  California's Unfair Competition Law ("UCL"); (4) breach of contract; (5) breach of express

18  warranty; (6) breach of implied warranty; (7) quasi-contract/unjust enrichment; (8) negligent

19  misrepresentation; and (9) intentional misrepresentation. *Id.* ¶¶ 52-149. In addition to class

20  certification, the Complaint prays for damages, treble damages, punitive damages, restitution,

21  disgorgement, and injunctive relief. *Id.* ¶ 151.

22

23

24  [2] While the Complaint alleges that Defendant's discounted offers are illegal, nothing in the law or
    any regulation bars same-day or repeated contingent promotions off of current pricing, and the
25  Complaint does not cite any legal authority to that effect.
    [3] Despite these allegations, Plaintiff has not provide copies of any receipts showing discounted
26  purchases from Defendant's website to substantiate his allegations.
    [4] The Complaint vaguely includes screen captures of discount codes allegedly available on
27  Defendant's website on these dates, but it does not allege that Plaintiff made any other purchases or
    relied on any other purported sales on these dates. Dkt. 1, ¶¶ 21-26.
28
MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

1   **III.   LEGAL STANDARD**

2        **A.   Rule 12(b)(6)**

3        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

4   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force*

5   *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). While on such motion a court accepts as true all

6   well-pled factual allegations, courts need not "accept as true allegations that contradict matters

7   properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted

8   deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055

9   (9th Cir. 2008) (internal quotation marks and citations omitted). A complaint "must contain

10  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

11  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

12  (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

13  enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Facts "'merely consistent with' a

14  defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S.

15  at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

16  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

17  entitled to relief.'" *Iqbal*, 556 U.S. at 678. Claims for fraud or negligent/intentional

18  misrepresentation must meet the heightened particularity standard of Rule 9(b). *Sperling v. DSW*

19  *Inc.*, No. EDCV 15-1366-JGB (SPx), 2015 WL 13309476, at *4-5 (C.D. Cal. Nov. 19, 2015).

20       **B.   Rule 12(b)(1)**

21       Federal courts are courts of limited jurisdiction "[d]ismissal for lack of subject matter

22  jurisdiction is appropriate if the complaint…on its face fails to allege facts sufficient to establish

23  subject matter jurisdiction." *Demarest v. U.S.*, 718 F.2d 964, 965 (9th Cir. 1983). As standing

24  pertains to the court's subject-matter jurisdiction, motions raising lack of standing are properly

25  brought under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

26

27

28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

### C.      Rule 12(f) and Rule 23

Rule 12(f) authorizes courts to strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery" and "[t]he Federal Rules provide a mechanism for exercising defective class allegations before discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Pursuant to Rule 23(c), "the court must—at an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). As the Supreme Court has recognized, "'[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim.'" *Sanders*, 672 F. Supp. 2d at 990-91 (quoting *Gen. Tele. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)).

## IV.    ARGUMENT

### A.      The First Cause of Action, Alleging Violation of California's False Advertising Law, Should be Dismissed Because the Complaint Does Not Allege any "Former Price" Advertising and Plaintiff Misconstrues and Misapplies "Prevailing Market Price" Language.

Section 17501 states, in relevant part, the following:

> No price shall be advertised as a *former price* of any advertised thing, unless the alleged *former price* was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged *former price* did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501 (emphasis added). This Court has explained that, "[w]hile the more general provisions of the CLRA, UCL, and FAL create liability for deceptive business practices in the eyes of a reasonable consumer, § 17501 governs a specific type of advertising conduct: former prices." *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *5 (N.D. Cal. June 24, 2022). Because Section 17501 "applies only to a 'former price,'" no Section 17501 claim may be stated when the alleged prices "are not in fact former prices[.]" *Id.* (dismissing Section 17501 claim with prejudice because advertised prices were not "former prices").

Here, the prices the Complaint challenges are not "former prices." Instead, they are the

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

actual *current price* of the item unless a consumer enters a promotional code on the website at checkout. If a consumer does not use a promotional code or coupon at checkout, the consumer pays the current price for the product; this plainly means that the listed price is not a "former price." Plaintiff's Complaint confirms as much. For example, Plaintiff uses the example of a Milky Way Map where the product listing identified the product's price as $44 – a price the listing states may be discounted 15% with the use of code "SAVE15." Dkt. 1, ¶ 26. The images Plaintiff incorporates in his Complaint demonstrate that Defendant is not advertising "former prices," but indeed current prices. These current prices are the prices that customers must pay, unless a discount code is applied to the transaction by the consumer at checkout. In all other circumstances, the consumer pays the full, undiscounted current (*i.e.,* "regular") price.

Plaintiff's Complaint does not allege differently. In theory, two people could purchase the same item from Defendant at the same time and pay two different prices – the current price ($44 in the case of the Milky Way map sampled by Plaintiff) if no discount code is applied, or the current price minus the discount if a discount code is applied by the consumer. Defendant advertises current—not former—prices. For this reason, Defendant's discounted advertising is not subject to Section 17501.

While the Complaint's first cause of action also includes an allegation of violation of Section 17500 (Dkt. 1, ¶ 77), such alleged violation is entirely premised on the same misguided theory as the alleged Section 17501 violation (*id.* ¶¶ 59-69), and therefore fails to state a claim for deceptive pricing for the same reasons. Defendant's advertising, on which Plaintiff allegedly relied, is neither untrue nor misleading. *Schertzer v. Samsonite Co. Stores, LLC*, No. 19-CV-639 JLS (MSB), 2020 WL 4281990, at *6 (S.D. Cal. Feb. 25, 2020) (dismissing alleged violations of Sections 17500 and 17501 together where plaintiff failed to allege deceptive pricing). Plaintiff's attempt to cast Defendant's current pricing as advertised "former prices" is misguided. Section 17501 does not apply to Defendant's current pricing, and Plaintiff fails to show a violation of Section 17500. Because Plaintiff's claims premised on Sections 17500 and 17501 are based on the same misguided allegations, they must be dismissed with prejudice. *Carvalho*, 2022 WL 2290595,

1   at *5.

2        **B.**     **The Complaint Does Not State FAL, CLRA, or UCL, or Misrepresentation**

3                  **Claims.**

4        Plaintiff's claims for alleged violations of the FAL (first cause of action), CLRA (second

5   cause of action), UCL (third cause of action), negligent misrepresentation (eighth cause of action),

6   and intentional misrepresentation (ninth cause of action) all sound in fraud and are subject to Rule

7   9(b)'s heightened pleading standard. *Smith v. GlaxoSmithKline Consumer Healthcare Holdings*

8   *(US) LLC*, No. 21-CV-09390-JST, --- F. Supp. 3d ----, 2023 WL 2768453, at *7 (N.D. Cal. Mar. 9,

9   2023). Rule 9(b) requires a party "alleging fraud or mistake" to "state with particularity the

10  circumstances constituting fraud or mistake," but allows "[m]alice, intent, knowledge, and other

11  conditions of a person's mind" to "be alleged generally." The pleading of a claim "as a whole must

12  satisfy the particularity requirement of Rule 9(b) "where a plaintiff "allege[s] a unified course of

13  fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Vess v.*

14  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Courts have consistently applied Rule

15  9(b)'s heightened pleading requirements to claims arising under the UCL, CLRA, FAL, as well as

16  claims for fraudulent misrepresentation, negligent misrepresentation, fraud by omission, and unjust

17  enrichment. *See Opperman v. Path, Inc.*, 84 F. Supp. 3d 962 (N.D. Cal. 2015) (applying Rule 9(b)

18  to claims under the UCL, CLRA, and FAL); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618 (N.D.

19  Cal. 2011) (applying Rule 9(b) to claims under the UCL, CLRA, FAL, as well as claims for

20  negligent misrepresentation and unjust enrichment).

21       Rule 9(b) requires that the circumstances constituting the alleged fraud be "specific" and

22  pleaded with particularity in order to make defendant aware of the "particular misconduct" to

23  defend against the charge. *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of

24  fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"

25  and "[a] plaintiff must set forth ***more*** than the neutral facts necessary to identify the transaction.

26  *Vess*, 317 F.3d at 1106 (emphasis in original). Furthermore, "[t]he plaintiff must set forth what is

27  false or misleading about a statement, and why it is false." *Id.* Plaintiff does not plead any facts

28

- 7 -

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

showing a false or misleading representation as to any of his purchases. He does not allege he was charged or received something other than exactly what he expected.

Plaintiff's Complaint contains only the following relevant facts: "Mr. Gutierrez's order details represented that Mr. Gutierrez's discounted price was $[amount for each order] plus tax." Dkt. 1, ¶¶ 40-42. Some of these transactions were for multiple products, but Plaintiff alleges only lump-sums and strategically does not allege each product's "discounted" or "regular" price. *Id.* Plaintiff does not attach the "order details," nor does he specify whether "order details" means invoice, order confirmation, each item's product page, or something else entirely. Plaintiff does not even allege the precise language "represented" to him, language he now claims was false or misleading. Tellingly, while Plaintiff repeatedly accuses Defendant of advertising "fake regular prices," he does not allege that Defendant ever used the word "regular" to describe its listed prices. This is not enough to satisfy Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing claims under Rule 9(b) where complaint did not "specify what the television advertisements or other sales material specifically stated," "when [plaintiff] was exposed to them or which ones he found material," or "which sales material he relied upon in making his decision to buy a … vehicle").

Courts have found that, "[i]f insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint" and "[i]n that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted." *Id.* Because Plaintiff fails to meet his pleading standard, the Court should dismiss the FAL, CLRA, UCL and misrepresentation claims.

      **1.**    **The Complaint Does Not Plead Facts Establishing That The Products Plaintiff Purchased Were "Never" Offered At The "Prevailing Market Price."**

California District Courts has made clear that, under the "reasonable consumer test" applicable to FAL, CLRA, and UCL claims (*Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018)), "dismissal is appropriate [on a motion to dismiss] where the court determines that the plaintiff's claims are not plausible," and that "'a plaintiff's unreasonable

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

assumptions about [advertising] will not suffice.'" *Carvalho*, 2022 WL 2290595, at *3 (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)). Because Plaintiff's Complaint (i) misstates the nature of the pricing at issue, (ii) does not plead any facts supporting its conclusions about "non-exclusive" products, (ii) fails to plausibly plead that the products are "exclusive," and (iv) does not allege relevant investigative facts regarding the same or similar products offered elsewhere, the Complaint fails to state actionable claims under *Twombly/Iqbal* and Rule 9(b) and should be dismissed.

a. **The Complaint Misstates the Nature of Defendant's Pricing and Cherry Picks Snapshots of Defendant's Website that Do Not Provide the Requisite Factual Support for Plaintiff's Claims of "Ongoing" Discounted Pricing.**

Plaintiff's Complaint alleges that Defendant's "discounts appear to be only for a limited time, but in reality, they are ongoing" and are not offered at the "prevailing regular prices." Dkt. 1, ¶¶ 12, 23. Without any factual allegations explaining how or why Defendant's pricing was false or misleading with respect to Plaintiff's specific purchases, Plaintiff attempts to manufacture a story about "fake" and "always discounted" prices based on hand-picked screenshots from Defendant's website. These allegations are not sufficient to support Plaintiff's claims because none of them pertain to the products Plaintiff purchased. *See, e.g.*, *Lisner v. Sparc Grp. LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *6 (C.D. Cal. Dec. 29, 2021) (finding allegations insufficient where plaintiffs had not purchased the products identified in complaint); *Fisher v. Eddie Bauer LLC*, Npo. 19cv857 JM (WVG), 2019 WL 9467922, at *5 (S.D. Cal. Oct. 18, 2019) ("The fact that two products remained on sale for at least 90 days does not provide sufficient support for his allegation of a fraudulent pricing scheme involving almost all of the merchandise at Eddie Bauer outlet stores.").

Plaintiff's misstatement regarding the pricing at issue renders the FAL, CLRA, UCL, and misrepresentation claims implausible. Defendant offers products for a current and full price. Those products *may* be purchased at a discount *if and only if* a consumer obtains *and* applies a coupon or discount code at checkout. In fact, many customers do not use a discount code and instead pay full

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

current price for the items they purchase. Plaintiff's allegations that Defendant's discounted sales are "ongoing" (Dkt. 1, ¶¶ 23, 32,79) as a result of coupons and discount codes available to customers are baseless. Plaintiff fails to identify, as required under Rule 9(b), "what is false or misleading" about Defendant's discount promotions, and "why it is false." *Vess*, 317 F.3d at 1106. The fact that discounts may be *available* to customers does not mean that all consumers are aware of them or undertake the required affirmative steps to take advantage of them. The available discounts do not mean that the products are never offered at the "regular" or "prevailing market price." This is evident from the screenshots Plaintiff himself provides in the Complaint. A plausible claim for fraud or deception cannot be pleaded through misdescribing and contradicting the very images "incorporated by reference" or "referred to in the complaint." *LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*, No. 18-CV-02573-YGR, 2019 WL 160335, at *2 (N.D. Cal. Jan. 10, 2019) (Freeman, J.); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 849 (N.D. Cal. 2014) (Freeman, J.), *aff'd*, 856 F.3d 605 (9th Cir. 2017).

Moreover, Plaintiff's allegations that Defendant had "ongoing" sales supported by cherry-picked screenshots of select dates when discount codes were made available on the website does not plausibly show that Defendant had "ongoing" discounts to the "regular" price of all products. *See Seegert v. Luxottica Retail N. Am., Inc.*, No. 17cv1372 JM(BLM), 2018 WL 3472561, at *4 (S.D. Cal. July 19, 2018) (finding conclusory allegations did not satisfy Rule 9(b) where, "[i]n light of the investigation by Plaintiff's counsel at five different LensCrafters' locations, Plaintiff represente[d] that the lenses were *never* sold at full price").

**b.    Plaintiff's Conclusion that Defendant's Non-Exclusive Products Were Offered via "Ongoing" Sale and Never at the "Prevailing Market Price" Is Unsupported.**

Plaintiff alleges that "Defendant advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement." Dkt. 1, ¶ 32. On that basis, Plaintiff alleges that Defendant's advertising was "untrue and misleading." *Id.* However, the Complaint fails to set forth sufficient facts to support Plaintiff's conclusion. Courts recognize pleading distinctions in pricing cases dealing with

- 10 -

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

"exclusive" products and "non-exclusive" products. *Carvalho*, 2022 WL 2290595, at *4. "Courts allow [exclusive product] cases to proceed based on allegations specific to that…retail store selling the product." *Id.* In non-exclusive product cases "other retailers offer the same product for sale," meaning "that there are legitimate prices to which to compare the defendant's…price" and a complaint must include "allegations of product pricing at other retailers[.]" *Id.* (internal quotations omitted).

Here, Plaintiff alleges no facts regarding Defendant's non-exclusive products. Plaintiff does not even identify any non-exclusive product sold by Defendant, let alone allege any facts from which it could be reasonably inferred that any alleged "advertised former prices" for any non-exclusive items were not the "prevailing market prices" of the non-exclusive product at any point in time. Plaintiff has failed to meet his burden and "[t]he court is not permitted to 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.' Until plaintiffs have alleged facts sufficient to state a claim…they are not entitled to proceed to discovery on that claim." *Ward v. Cty. of Mendocino*, No. 17-CV-0911-PJH, 2017 WL 3007063, at *11 (N.D. Cal. July 14, 2017) (quoting *Iqbal*, 556 U.S. at 678-79). Notably, the Complaint states no facts discussing any tracking of Defendant's pricing of any purported "non-exclusive" products over a 90-day period; which companies make up the market for such "non-exclusive" moderately-priced metal posters in order to plausibly allege a "prevailing market price"; or any current pricing, or tracking of pricing over time, of the same or similar "non-exclusive" products by other retailers to demonstrate what the market pricing might be to plead a "prevailing market price."

The Complaint is entirely silent as to the "who, what, when, where, and how" facts regarding non-exclusive products—including, but not limited to, the prices of these products through other companies. Plaintiff has not and cannot meet his pleading burden for this type of fraudulent reference pricing allegation. *Vess*, 317 F.3d at 1106; *Carvalho*, 2022 WL 2290595, at *4, 6 (dismissing FAL § 17500 claim, CLRA, and UCL claims for failure to allege sufficient facts relating to non-exclusive products); *Sperling v. DSW Inc.*, 2015 WL 13309476, at *8-9 (C.D. Cal. Nov. 19, 2015) (refusing to rely on "conclusory" allegations that defendants' pricing "do[es] not

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

1   represent the prevailing market price" for its non-exclusive products and granting motion to dismiss

2   where plaintiff did not provide allegations about market prices of non-exclusive products).

3   Moreover, merely alleging prices of identical products is insufficient because under Section 17501,

4   an item's "prevailing market price" is determined by the actual sales prices of "similar goods" and

5   the "same goods" on the "'open local market.'" *People v. Super. Ct. (J.C. Penney Corp.)*, 34 Cal.

6   App. 5th 376, 411 (2019) (quoting 30 Ops. Cal. Atty. Gen. 127, 129 (1957)). As such, to state a

7   Section 17501 claim with respect to non-exclusive products, a complaint must allege facts

8   establishing that the advertised "former price" is not the "prevailing market price" of the same and

9   similar goods. *See People*, 34 Cal. App. 5th at 411. The Complaint does not even attempt to do so.

10                      **c.      Plaintiff Fails To Plead an Adequate Pre-Suit Investigation into**
11                              **the Items Plaintiff Purchased.**

12           Not only does the Complaint fail to allege the necessary facts for non-exclusive and

13   exclusive products, in general, but it also fails to allege facts necessary to state any claim arising

14   from Plaintiff's purchases, including facts necessary to support its conclusion that the products were

15   offered via "ongoing" sales and that "Defendant advertised former prices that were not…the

16   prevailing market price in the three months immediately preceding the advertisement.." Dkt. 1, ¶

17   32.

18           Plaintiff does not allege any investigation of the specific items he purchased including, the

19   prices of the same items on any day other than when Plaintiff made his purchases. Plaintiff does not

20   even identify which items he purchased. "Rule 9(b) requires [p]laintiff to plead h[is] fraud claims

21   with particularity. This requires…plaintiff to conduct a pre-complaint investigation in sufficient

22   depth to assure that the charge of fraud is responsible and supported." *Seegert*, 2018 WL 3472561,

23   at *3 (internal quotation omitted). To satisfy this burden, a complaint must allege, at minimum, an

24   investigation into the pricing of "the items purchased by the named [p]laintiffs." *Lisner*, 2021 WL

25   6284158, at *4. The only apparent "investigation" that Plaintiff alleges he conducted – purported

26   tracking of the availability of promotional codes and coupons that may or may not be applied by

27   any individual consumer to any qualifying item over time (Dkt. 1, ¶¶ 21-26) – is not a substitute for

28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

actual investigation of the items he purchased and does not support Plaintiff's allegations that Defendant engaged in a "false pricing scheme."

> **2.      Plaintiff's Negligent And Intentional Misrepresentation Claims Are Barred By The Economic Loss Doctrine.**

Under the economic loss doctrine, a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004); *see also Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS RZX, 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011). The economic loss rule also bars tort claims that are based on the same factual allegations, and seek the same damages, as a plaintiff's contract claims. *See Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009). Plaintiff does not allege personal injury, physical damage, any additional harm beyond his disappointed expectations, or seek damages that are any different from what Plaintiff seeks by way of his contract claims. The Court should, therefore, dismiss Plaintiff's negligent and intentional misrepresentation claims.

> **C.      The Complaint Does Not State Claims for Breach of Contract, Breach of Express Warranty, or Breach of Implied Warranty and Plaintiff Failed to Provide Adequate Notice of Alleged Breach.**

Plaintiff's breach of contract and warranty claims should be dismissed because the Complaint does not include any allegations of such breach. *See Edelman v. Bank of Am. Corp.*, No. SACV0900309CJCMLGX, 2009 WL 10673582, at *4 (C.D. Cal. July 8, 2009). Instead, Plaintiff alleges that "Defendant breached its contract by failing to provide Mr. Gutierrez with Products with a market value equal to the regular price displayed on its website, and by failing to provide the discounts promised." Dkt. 1, ¶ 48. However, this is exactly what Plaintiff received – items discounted from their current, "regular," undiscounted prices as a result of his use of a discount code. Plaintiff conducted no investigation of the prices of non-exclusive products at other retailers or any past pricing history by Defendant to evaluate "market value."

Plaintiff's failure to provide pre-suit notice also bars his breach of contract and breach of warranty claims. *See* Cal. Com. Code § 2607(3)(A). "A buyer must plead that notice of the alleged

breach was provided to the seller within a reasonable time after discovery of the breach." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (affirming dismissal of breach of contract and warranty claims). "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court," which would be "completely undermined if it could be satisfied with the giving of post-suit notice." *Id.*; *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929-30 (N.D. Cal. 2012) (dismissing warranty claims with prejudice because, even though defendant received notice of breach before plaintiff amended his complaint, defendant was deprived of ability to resolve claims before suit). A pre-suit notice is deficient and warrants dismissal if the notice does not include facts, claims, or representations signaling a plaintiff's intent to assert breach of warranty or breach of contract claims. *Evans v. DSW, Inc.*, No. CV 16-3791 JGB (SPx), 2017 WL 7058232, at *4-5 (C.D. Cal. Sept. 14, 2017) (Bernal, J.). The Court in *Evans* dismissed with prejudice breach of express warranty and breach of contract claims in a similar pricing case due to the plaintiff's failure to provide adequate notice. *Id.* The Court found that plaintiff's CLRA letter, sent four days before filing suit, "could not provide [defendant] with an adequate opportunity to cure any breaches or negotiate a settlement since the letter was received the same day the suit was filed." *Id.* The CLRA letter was also "substantively inadequate" because it "[made] no reference to the 'You Save' promise on defendant's receipt, so defendant "would not be prompted to remove such language from the receipt prior to facing suit." *Id.*

Moreover, "[t]o adequately allege the exact terms of an express warranty, a plaintiff must identify a specific and unequivocal written statement, relating to the title, character, quality, identity, or condition of the sold good." *Watkins v. MGA Entm't, Inc.*, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021) (internal quotations and citations omitted). Plaintiff cannot identify any such statement that was breached. Plaintiff's breach of express and implied warranty claims fail because Plaintiff does not plead with particularity what the "exact" warranty terms were. These claims are also premised on the same fundamentally flawed and insufficiently pleaded theory that Plaintiff "overpaid for the Products because the Products were sold at a price premium due to the warranty"

without any pleaded facts to support such conclusions. *See In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *15 (N.D. Cal. July 23, 2013). Plaintiff's implied warranty claim arises from the same "affirmation of fact or promise" and thus "rises and falls with Plaintiff's express warranty claim." *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 905 (N.D. Cal. 2021) (dismissing express and implied warranty claims together). Plaintiff does not sufficiently allege an express warranty claim, so his implied warranty claim fails too. *See Romero v. Tropicale Foods, LLC*, No. EDCV 21-1165 JCB (SHKx), 2021 WL 6751908, at *7 (C.D. Cal. Dec. 22, 2021) (Bernal, J.) (finding implied warranty claim inadequately pled where based on same theory as inadequately alleged express warranty claim).

Notably, Plaintiff pleads no deficiencies with the quality of the products he purchased from Defendant (*e.g.*, defect, damage, or performance issues in breach of some implied or express warranty) and provides no facts to support the conclusion that he "overpaid" for such items or paid a "premium" price or that "the Products' stated market value was not the prevailing market value." Dkt. 1, ¶ 117. A breach of warranty cannot be premised upon nothing more than allegations of Plaintiff's perceived "value" of the goods. *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 876 (N.D. Cal. 2015).

### D.   The Complaint Does Not State A Claim For Unjust Enrichment and Plaintiff Cannot Maintain a Quasi-Contract Claim Because a Valid Contracts Exist.

Plaintiff's unjust enrichment claim is based on the same alleged conduct as his fraud-based claims that "Defendant's false and misleading advertising caused Plaintiff and the class to purchase [Defendant's] Products and to pay a price premium for these Products." Dkt. 1, ¶ 129. Because Plaintiff's fraud-based claims are unsupported, so too is his unjust enrichment claim, which is also subject to Rule 9(b). *See, e.g.*, *Aellis O. v. Connor*, No. 22-cv-200 JLS (WVG), 2022 WL 2229421, at *8 (S.D. Cal. June 21, 2022) (dismissing unjust enrichment claim because the court "already found that [p]laintiff has not pleaded sufficient facts to state his other claims, and his unjust enrichment claim is derivative of those same facts"); *Shuman v. SquareTrade Inc.*, No. 20-cv-02725-JCS, 2021 WL 5113182, at *11 (N.D. Cal. Nov. 3, 2021) (dismissing unjust enrichment

1   claim based on same facts as dismissed UCL claim); *Smith*, --- F.Supp.3d ----, 2023 WL 2768453,

2   at *8 (dismissing unjust enrichment claim under Rule 9(b) standard where claim sounded in fraud

3   based on same alleged "uniform course of fraudulent conduct" underpinning UCL, CLRA, FAL,

4   and negligent misrepresentation claims); *Wang*, 276 F.R.D. at 627 (dismissing unjust enrichment

5   claim as insufficiently pleaded where unjust enrichment claim, along with FAL, UCL, CLRA, and

6   misrepresentation claims, sounded in fraud and therefore were subject to Rule 9(b)).

7        Plaintiff's claim for unjust enrichment should also be dismissed because the Complaint

8   "fail[s] to plead the absence of an enforceable contract." *Eur. Travel Agency Corp. v. Allstate Ins.*

9   *Co.*, No. 22-cv-01141-DSF, 2022 WL 4243955, at *3 (C.D. Cal. Sept. 12, 2022). While unjust

10  enrichment may, in general, be pleaded in the alternative, "that is not what occurred here. Instead,

11  plaintiff['s] breach of contract claim pleaded the existence of an enforceable agreement and [his]

12  unjust enrichment claim did not deny the existence or enforceability of that agreement." *Klein v.*

13  *Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012); *see* Dkt. 1, ¶¶ 127-31. As in *Klein*, the

14  Complaint "alleges that consumers entered into an enforceable contract with [Defendant] each time

15  they purchased [a product from Defendant]." 202 Cal. App. 4th at 1388; *see* Dkt. 1, ¶ 106.

16  Plaintiff's "unjust enrichment claim does not allege that this contract is unenforceable or that the

17  parties did not have a contract governing the sale of [each of Defendant's product]." *Klein*, 202 Cal.

18  App. 4th at 1389. Plaintiff does "not provide any explanation as to why the…agreement referenced

19  in [his] breach of contract claim might be unenforceable or otherwise not qualify as a contract." *Id.*

20  (dismissing unjust enrichment claim); *see also Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047,

21  1057 (N.D. Cal. 2021) (dismissing unjust enrichment claim because plaintiff alleged an enforceable

22  contract existed but failed to allege the same contract was unenforceable or void). In short,

23  "Plaintiff pleads the existence of a contract, but fails to deny its existence or enforceability in the

24  [Complaint], or plead facts suggesting the contract is unenforceable or invalid. As such, he fails to

25  state [an unjust enrichment] claim." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 1000 (N.D.

26  Cal. 2020). Because Plaintiff has not and cannot allege in good faith that no contract exists, the

27  Court should dismiss Plaintiff's quasi-contract claim without leave to amend. *See Zuehlsdorf v.*

28

- 16 -

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*FCA US LLC*, No. EDCV 18-1877 JGB (KKx), 2019 WL 2098352, at *13 (C.D. Cal. Apr. 30, 2019) (Bernal, J.) (dismissing without leave to amend quasi-contract claim for unjust enrichment); *Bostick v. Gen. Motors, LLC*, No. 5:19-cv-02451-VAP-SPx, 2020 WL 13283478, at *9 (C.D. Cal. July 22, 2020).

### E.     The CLRA Claim For Damages Must Be Dismissed.

The Complaint also seeks CLRA damages. Dkt. 1, ¶ 85-86. But, to be eligible to pursue CLRA damages, the CLRA requires a plaintiff to provide notice to defendant of the alleged violations by certified or registered mail 30 days or more *before filing* an action for damages. Cal. Civ. Code § 1782(a). Plaintiff's own Complaint proves that he did not comply with this requirement. Plaintiff sent his CLRA letter on May 26, 2023 (Dkt. 1, ¶ 85); however, he filed suit on June 6, 2023, *only eleven days later.* Dkt. 1. A plaintiff, however, must wait the prescribed minimum 30 days before filing suit in order "to state a claim." *White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-CV-04048-SVK, 2020 WL 13578444, at *5 (N.D. Cal. Nov. 17, 2020). Because Plaintiff failed to do so, the Court must dismiss Plaintiff's claim for CLRA damages.

### F.     Plaintiff's Claims for Equitable Relief Should be Dismissed Because Plaintiff Has an Adequate Remedy at Law.

The Ninth Circuit has repeatedly held that plaintiffs "must establish that [they] lack[] an adequate remedy at law before securing" equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal). "[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citation omitted), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 3937623 (Sup. Ct. June 12, 2023). The "relevant test" for equitable jurisdiction "is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether []he will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner v. Premier*

*Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) (plaintiff could not bring UCL claim even though barred from bringing claim at law because court denied leave to add); *Guzman*, 49 F.4th at 1313 (finding district court was required to dismiss equitable UCL claim because "[plaintiff] had an adequate remedy at law through his [time-barred] CLRA claim for damages, even though he could no longer pursue it"), *cert. denied sub nom. Polaris Indus. Inc.*, 2023 WL 3937623.

Plaintiff alleges that he has no adequate legal remedy because damages are "not as certain," and "not equally prompt or otherwise efficient." Dkt. 1, ¶ 49. However, "[s]imply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more 'certain, prompt, or efficient' than the available legal remedies." *Barrett v. Optimum Nutrition, Inc.*, No. CV-21-4398-DMG (SKx), 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022).

Plaintiff is already pursuing damages under his CLRA, fraud, contract, and warranty claims for the exact same conduct that forms the basis of his equitable claims. Plaintiff does not allege facts suggesting damages are inadequate, nor can he do so plausibly. Absent equitable jurisdiction, all of Plaintiff's equitable claims must be dismissed. *See, e.g.*, *Clevenger v. Welch Foods Inc.*, No. SACV 20-01859-CJC (JDEx),  2022 WL 18228288, at *5-6 (C.D. Cal. Dec. 14, 2022) (dismissing UCL and CLRA claims for restitution with prejudice where plaintiffs did not "clearly allege facts suggesting that monetary damages would not make them whole"); *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (dismissing quasi-contract claim because "under *Sonner*, a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists").

### G.   The Court Should Strike The Class Allegations Or, Alternatively Dismiss All Non-California Claims.

#### 1.   The Court Should Strike Plaintiff's Class Allegations.

Although the circumstances for striking class allegations before certification motion are limited, a court may do so where the "complaint demonstrates that a class action cannot be maintained." *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011). Here, the class allegations and the definitions of the proposed classes are overly

broad, beyond the scope of Plaintiff's alleged injuries, would implicate persons with different and irrelevant injury, and facially render a class non-ascertainable. *See Sanders*, 672 F. Supp. 2d at 991.

The Nationwide Class includes all persons who "purchased one or more Displate Products ***advertised at a discount*** on Defendant's website." Dkt. 1, ¶ 52 (emphasis added). The California Subclass includes all persons who "while in the State of California…purchased one or more Displate Products ***advertised at a discount*** on Defendant's website." *Id.* Each includes all persons who purchased one or more of Defendant's products "***advertised at a discount***" on Defendant's website. *Id.* (emphasis added). These proposed classes, however, are overbroad. As drafted, the classes include, *inter alia*, consumers that purchased an item "advertised at a discount" but did not rely on and were not deceived by any alleged advertising (*e.g.,* consumers that paid the current, full price because they did not use a promotional code or coupon[5]). *See Sanders*, 672 F. Supp. 2d at 991 (granting motion to strike class allegations where the class definition included "all persons" in the U.S. "who own a 20–inch Aluminum iMac" but such "definition necessarily include[d] individuals who did not purchase their 20-inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages."). Even if customers who did not use a discount code had a claim against Defendant, the class definition would still be overbroad, and any alleged injury suffered by consumers that did not use a discount code would be markedly different than the undefined "injury" purportedly suffered by Plaintiff. "Because the proposed class includes many members who have not been injured" in the way that Plaintiff is alleged to be injured, "it is not certifiable" and the class allegations should be stricken. *Lyons*, 2011 WL 6303390, at *7; *Sanders*, 672 F. Supp. 2d at 991.

### 2. The Court Should Dismiss All Class Claims Premised on Laws of Other States.

Even if the Court does not strike the class allegations, the nationwide class claims must be dismissed. Plaintiff, a California resident who made his purchases while living in California, seeks to assert common law state claims (contract, warranty, misrepresentation, unjust enrichment) on

---

[5] In fact, some customers have and continue to pay current, full price for the products without using a discount code.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

behalf of a nationwide class. Dkt. 1, ¶¶ 17-18. However, "'[c]ourts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured.'" *So v. HP, Inc.*, No. 22-CV-02327-BLF, 2022 WL 16925965, at *6 (N.D. Cal. Nov. 14, 2022) (Freeman, J.) (quoting *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019)). "Because Plaintiff resides in and was injured in California, he does not have standing to assert claims under the laws of any other states" and as such all non-California claims should be dismissed under Rule 12(b)(1). *So*, 2022 WL 16925965, at *6.*

### H.    Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff lacks standing to seek injunctive relief because he cannot show "a sufficient likelihood that [he] will again be wronged in a similar way." *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCx), 2018 WL 6714323, at *3 (C.D. Cal. Oct. 17, 2018). In *Davidson v. Kimberly-Clark Corp.*, the Ninth Circuit held that an allegedly deceived consumer can establish a threat of future harm if he plausibly alleges that he will be unable to rely on the product's advertising or labeling in the future. 889 F.3d 956, 970 (9th Cir. 2018) (plaintiff could not determine whether a wipe was truly "flushable" at time of future purchase). District courts applying *Davidson* have recognized, this means standing may only exist in "situations where the plaintiff could not easily discover whether a previous misrepresentation had been cured *without first buying the product at issue.*" *Cordes*, 2018 WL 6714323, at *4 (emphasis added).

## V.    CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant this Motion.

Dated:  August 30, 2023

Mintz Levin Cohn Ferris Glovsky And Popeo, P.C.

Arameh Zargham O'Boyle

Attorneys for Defendant
DISPLATE CORPORATION

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION
COMPLAINT AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS